UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CLEO WRIGHT,

                Plaintiff,

    -against-

**CHARLES LITTLE,** a present or former Correction Officer, Great Meadow Correctional Facility; **P. GREEN**, a present or former Correction Officer, Great Meadow Correctional Facility; **J. ROSATI,** a present or former Correction Officer, Great Meadow Correctional Facility;  **(FNU) ROSS,** a present or former Correction Officer, Great Meadow Correctional Facility; **SGT. MICHAELS**, a present or Former Sergeant, Great Meadow Correctional Facility; **GARY GREENE**, former Superintendent, Great Meadow Correctional Facility; **JOHN DOE #1**, a present or former Correction Officer, Great Meadow Correctional Facility; **S. NICHOLS**, a present or former registered nurse with the New York State Department of Correctional Services; **RICHARD ROE,** a representative of an unknown number of present and/or former employees of the New York State Department of Correctional Services at Great Meadow Correctional Facility.

                Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a complaint by the Plaintiff CLEO WRIGHT for compensation for physical and emotional injuries suffered by him due to an

unprovoked brutal assault inflicted upon him by the defendants, all present and/or former employees of the New York State Department of Correctional Services.  The assault took place on or about February 27, 2006 at Great Meadow Correctional Facility in Comstock, New York where the plaintiff was then incarcerated.   After the unprovoked assault, false criminal charges were levied against Plaintiff Wright arising out of the incident.  All charges were eventually dismissed.

2.  The plaintiff seeks compensatory and punitive damages for the injuries he suffered as well as injunctive relief.

## JURISIDCTION AND VENUE

3.  Jurisdiction is conferred by 28 U.S.C. 1331.  This action arises under 42 U.S.C. 1983 and 1985 to remedy a deprivation of rights under color or state law guaranteed to the plaintiff by the 4th, 8th and 14th Amendments of the United States Constitution.

4.  Plaintiff's claim for injunctive relief arises under

5.  Venue is proper in the United States District Court for the Northern District of New York as that is where the causes of action arose.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On or about March 8, 2006, plaintiff filed an administrative grievance seeking redress for the acts alleged in this complaint that was assigned Grievance Number GM-40204-06 (Exhibit 1 attached hereto).

5. On or about April 26, 2006, Defendant Gary Greene, Superintendent of Great Meadow Correctional Facility addressed the grievance only to the extent of referring the matter to the New York States Department of Correctional Services ("DOCS") Inspector General's Office for investigation (Exhibit 2 attached hereto).

6. Plaintiff filed a timely appeal of that determination.

7. On or about April 26, 2006, DOCS' Central Office Review Committee ("CORC") upheld the grievance but "only to the extent that CORC uphold the determination of the Superintendent" referring the matter to the Inspector General's Office (Exhibit 3 attached hereto).

## PARTIES

8. Plaintiff Cleo Wright is twenty-nine years old, an African-American citizen of the United States and a resident of the State of New York. At all times relevant hereto, he was incarcerated at Great Meadow Correctional Facility and assigned DIN 00-A-5789.

9. Defendant Charles Little is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

10. Defendant P. Green is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

11. Defendant J. Rosati is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

12. Defendant (FNU) Ross is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

13. Defendant Sergeant Michaels is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

14. Defendant Gary Greene is the present or former Superintendent of Great Meadow Correctional Facility and an employee of the New York State Department of Correctional Services. At all times relevant hereto he acted within the scope of his employment.

15. Defendant S. Nichols is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto Defendant Nichols was a nurse at Great Meadow Correctional Facility and acted within the scope of employment.

16. Defendant Richard Roe is a representative of an unknown number of employees of the New York State Department of Correctional Services at Great Meadow Correctional Facility. All participated in the acts alleged herein and acted within the scope of their employment.

## STATEMENT OF FACTS

17. Plaintiff Cleo Wright was born in 1979 in New York City. His mother was unable to care for him. At a very early age, Mr. Wright was turned over to the jurisdiction of the New York City Bureau of Child Welfare (now Administration for Children's Services) and raised in group homes and a variety of foster homes.

18. Plaintiff Wright attended school while being moved from home to home but eventually became entangled in the criminal justice system. In 2000, he was convicted of two felonies arising out of alleged robberies. He received a fourteen year sentence and was committed to the custody of the Department of Correctional Services. He is eligible for conditional release in 2012.

19. In February 2006 plaintiff Wright was assigned to Great Meadow Correctional Facility in Comstock, New York. His job assignment was to provide food for inmates housed in the Special Housing Unit and those who were on "keep lock", i.e. required to be in their cells all day. His position was termed "feed-up worker".

20. His responsibilities included picking up food wagons for lunch and dinner, preparing milk and coffee for distribution and returning trays and wagons for cleaning.

21. On some occasions, Plaintiff Wright volunteered to work in the yard when such work did not interfere with assigned duties. He consistently received positive evaluations for his work.

22. Defendant Correction Officer Little was assigned to Plainitff Wright's area. Little repeatedly harassed the plaintiff. For example, on more than one occasion, defendant Little falsely told plaintiff right that he

was on a "draft" (being transferred) or being moved to another cell and ordered him to back his belongings. Plaintiff would do so only to be told later that he was not being transferred or moved. Little did these things for harassment purposes and for the amusement of himself and other officers.

23.  On or about the morning of February 27, 2006, defendant Little summoned plaintiff Wright to the officers' desk. Like the previous occasions, he told plaintiff Wright that he was going to the "box" (Special Housing Unit) and to pack his belongings. An inmate who was present handed plaintiff Wright several property bags.

24.  Plaintiff Wright took the bags but did not pack his belongings. Instead he performed his usual routine, including performing volunteer work in the yard.

25.  At approximately 2:30 P.M., plaintiff Wright returned to his block to set up for dinner meal. He began pouring juice into cups and placing it on work stations.

26.  Because inmates who regularly assist were not yet present, plaintiff Wright approached the officers' desk. He asked defendant Little if he could begin work since the juice and bread had arrived. Defendant Little motioned that he should begin.

7

27. Plaintiff Wright resumed filling juice cups. After he had filled over 20, defendant Little approached him. While standing 2-3 feet from defendant Wright, defendant Little stated, in effect, "Did I not tell you to pack your bags. You are going to the box."

28. Defendant Little then swept his arm over the work station causing filled juice cups to strike plaintiff Wright, covering him with juice. Defendant Little threatened plaintiff Wright and walked away.

29. During this time, defendants P. Green and J. Rosati were at the officers' desk watching the whole encounter.

30. Plaintiff Wright did his best to clean himself and mop spilled juice from the floor. While doing so, another correction officer approached. Plaintiff told the officer what had happened and asked that he intervene with defendant Little.

31. That officer walked to the desk and then returned to plaintiff Wright. He told plaintiff Wright "You two [meaning plaintiff and Little] need to talk".

32. Plaintiff Wright approached the officers' desk. Defendant Little was there along with defendants P. Green, J. Rosati and some Richard Roe defendants.

33. Addressing defendant Little, plaintiff Wright stated "May I speak with you?". Little motioned toward the B-block steps a few feet away where plaintiff Wright moved.

34. Plaintiff's hands were in his pockets as he asked defendant Little why he had thrown the juice on him. Defendant Little responded by shoving plaintiff, causing him to fall onto the ground and into the B-block gate area.

35. Plaintiff Wright got up, put his hand behind his back and attempted to walk around defendant Little As he did so, defendant Little, without provocation, punched plaintiff Wright in the face causing his nose to bleed.

36. Defendant Little thereupon placed both hands on plaintiff Wright's neck and began choking him.

37. During this entire time defendants P. Green, J. Rosati and defendants Roe were at the officers desk in full view of what was transpiring. They did not intervene to prevent defendant Little's assault.

38. Plaintiff Wright could not breathe and felt himself losing consciousness. He struggled and as he did was able to free himself from Little's grip.

39. The officers who were at the desk, including defendants P. Green, Rosati and Roe ran toward plaintiff Wright. Plaintiff Wright was thrown to

the ground and at some point handcuffed behind his back. While plaintiff was being held to the ground, one of the defendants punched plaintiff Wright, now bleeding, several times in the face and head.

40.  Other officers, including defendants Roe, Rosati and Green continued to punch and kick the plaintiff about the head, face and body.

41.  One defendant lifted his boot and stomped on plaintiff's back at least four times.  He then punched the plaintiff in the face while others pinned him to the ground.

42.  Defendant Doe additionally kicked plaintiff in the face and on the head several times.

43.  Plaintiff Wright lost consciousness.

44.  When plaintiff regained consciousness, he was in the facility hospital.  Defendant Nichols was on duty.  While Nichols attended to defendant Little, she ignored the plaintiff and gave no medical attention notwithstanding that he was in obvious distress and in excrutiating pain.

45.  Thereafter, defendants Little, P. Green, J. Rosati, Sergeant Michaels, defendant Superintendent Greene and defendants Roe conspired with each other to cover-up the brutal assault.  They knowingly filed and caused to be filed false institution reports and false disciplinary charges charging the plaintiff with assault.

46. In addition, the foregoing defendants individually and conspiring with each other, caused criminal charges to be lodged against plaintiff Wright in Washington County Court. He was charged, *inter alia* with attempted murder.

47. In the meantime, plaintiff Wright was moved to the Special Housing Unit. He was in extreme pain. One eye had swollen shut and his nose was fractured. In addition, he experienced pain in his head, back and rib cage. His vision was blurry. Contusions covered his body. He even had a boot mark on his back.

48. Plaintiff was thereafter transferred to S-block at Greene Correctional Facility.

49. Upon information and belief, defendants Little, P. Green, J. Rosati, and defendants Roe were interviewed by DOCS investigators about the incident and lied about what happened in an effort to cover-up their assault on the plaintiff.

50. On or about March 8, 2006, plaintiff was interviewed by a DOCS investigator. On or about March 9, 2006, all criminal charges against plaintiff were dismissed in Washington County.

51. Plaintiff Wright still faced disciplinary charges. In or about May, 2006, he was convicted of assault on staff. Upon information and belief,

defendants Little, P. Green, Rosati, Doe and Roe knowingly gave false testimony at the hearing to cover-up their assault of the plaintiff.

52. Thereafter, DOCS Central Officer reversed the findings at the disciplinary hearing and ordered that plaintiff's records be expunged.

53. Plaintiff was ultimately transferred to Elmira Correctional Facility. He received medical treatment at Elmira for injuries he received at Great Meadow.

54. Plaintiff continues to suffer pain throughout his body and impaired vision as a result of the actions of the defendants.

55. Additionally, plaintiff suffers from severe emotional distress due to the unprovoked attack on his person by the defendants.

## CLAIMS

### FOR A FIRST CAUSE OF ACTION

56. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 55 *supra*.

57. The actions of the defendants, and each of them, in assaulting the plaintiff without provocation violated plaintiff's right to be free from cruel and unusual punishment as guaranteed by the 8th and 14th Amendments to the United States Constitution and 42 U.S.C. 1983.

## FOR A SECOND CAUSE OF ACTION

58. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 55 *supra*.

59. The actions of the defendants, and each of them, in assaulting the plaintiff without provocation violated plaintiff's right to due process of law in violation of the 14th Amendment to the United States Constitution and 42 U.S.C. 1983.

## FOR A THIRD CAUSE OF ACTION

60. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 55 *supra*.

61. The actions of the defendants, and each of them, in lodging false criminal charges against the plaintiff violated plaintiff's right to be free from malicious prosecution as guaranteed by the 4th and 14th Amendments to the United States Constitution and 42 U.S.C. 1983.

## FOR A FOURTH CAUSE OF ACTION

62. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 55 *supra*.

63. The actions of the defendants, and each of them, in conspiring to 1) cover-up their actions, 2) lodge false disciplinary charges against the plaintiff and 3) lodge false criminal charges against the plaintiff violated

plaintiff's rights under the 4th, 5th, 8th and 14th Amendments to the United States Constitution and 42 U.S.C. 1983.

## FOR A FIFTH CAUSE OF ACTION

64. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 55 *supra*.

65. The actions of the defendants and each of them in lodging false disciplinary charges and testifying falsely at his disciplinary hearing violated plaintiff's right to due process of law as guaranteed by the 14th Amendment to the United States Constitution and 42 U.S.C. 1983.

## FOR A SIXTH CAUSE OF ACTION

66. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 55 *supra*.

67. The actions of the defendants, and each of them, in refusing to provide plaintiff medical care amounted to deliberate indifference in violation of the 8th and 14th Amendments to the United States Constitution and 42 U.S.C. 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

i. Compensatory damages in the amount of One Million Dollars;

ii. Punitive Damages in the amount of One Million Dollars;

    iii.  Enjoining the defendants from retaliating against the plaintiff for instituting this action;

    iv.  Awarding Costs and a reasonable attorney's fee;

    v.  Awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 13, 2009              Yours, etc.
                                           /S/

                                           ROBERT J. BOYLE
                                           299 Broadway
                                           Suite 806
                                           New York, N.Y. 10007
                                           (212) 431-0229
                                           Attorney for Plaintiff
                                           Bar Roll: 508323