**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**CLEO WRIGHT,**

                            Plaintiff,

      -against-

**CHARLES LITTLE,** a present or former Correction Officer, Great Meadow Correctional Facility; **PAUL GREEN**, a present or former Correction Officer, Great Meadow Correctional Facility; **JOHN ROSATI,** a present or former Correction Officer, Great Meadow Correctional Facility; **MARK ROSS,** a present or former Correction Officer, Great Meadow Correctional Facility; **JOHN MICHAELS**, a present or Former Sergeant, Great Meadow Correctional Facility; **MARK NEIERTZ,** a present or former Correction Officer, Great Meadow Correctional Facility; **MICHAEL MOLISANI**, a present or Former Correction Officer, Great Meadow Correctional Facility; **STEVEN GREENE**, a Present or former Correction Officer, Great Meadow Correctional Facility; **DAVID KINGSLEY,** a present or former Correction Officer, Great Meadow Correctional Facility; **SHELDON STODDARD,** a present or former Correction Officer, Great Meadow Correctional Facility; **LAWRENCE FEOLA**, Present or former Sergeant, Great Meadow; **SERGEANT VAUGHAN**, a present or former Sergeant, Great Meadow Correctional Facility;

          **FIRST AMENDED
COMPLAINT**

          09-CV-0171
            (GSL/GHL)

          JURY TRIAL
          DEMANDED

**RICHARD ROE,** a representative
of an unknown number of present and/or former
employees of the New York State Department
of Correctional Services at Great Meadow
Correctional Facility.

                      Defendants.

-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a complaint by the Plaintiff Cleo Wright for compensation for physical and emotional injuries suffered by him due to an unprovoked brutal assault inflicted upon him by the defendants, all present and/or former employees of the New York State Department of Correctional Services. The assault took place on or about February 27, 2006 at Great Meadow Correctional Facility in Comstock, New York where the plaintiff was then incarcerated. After the unprovoked assault, false criminal charges were levied against Plaintiff Wright arising out of the incident. All charges were eventually dismissed.

2. The plaintiff seeks compensatory and punitive damages for the injuries he suffered as well as injunctive relief.

## JURISIDCTION AND VENUE

3. Jurisdiction is conferred by 28 U.S.C. §1331. This action arises under 42 U.S.C. §§1983 and 1985 to remedy a deprivation of rights under

2

color or state law guaranteed to the plaintiff by the 4th, 8th and 14th Amendments of the United States Constitution.

4. Plaintiff's claim for injunctive relief arises under

5. Venue is proper in the United States District Court for the Northern District of New York as that is where the causes of action arose.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about March 8, 2006, plaintiff filed an administrative grievance seeking redress for the acts alleged in this complaint that was assigned Grievance Number GM-40204-06 (Exhibit 1 attached hereto).

7. On or about April 26, 2006, Gary Greene, Superintendent of Great Meadow Correctional Facility addressed the grievance only to the extent of referring the matter to the New York States Department of Correctional Services ("DOCS") Inspector General's Office for investigation (Exhibit 2).

8. Plaintiff filed a timely appeal of that determination.

9. On or about April 26, 2006, DOCS' Central Office Review Committee ("CORC") upheld the grievance but "only to the extent that CORC uphold the determination of the Superintendent" referring the matter to the Inspector General's Office (Exhibit 3).

## **PARTIES**

10. Plaintiff Cleo Wright is a thirty old, an African-American citizen of the United States and a resident of the State of New York. At all times relevant hereto, he was incarcerated at Great Meadow Correctional Facility and assigned DIN 00-A-5789.

11. Defendant Charles Little is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

12. Defendant Paul Green is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

13. Defendant John Rosati is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

14. Defendant Mark Ross is a present or former employee of the New York State Department of Correctional Services. At all times relevant

hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

15.  Defendant Sergeant John Michaels is a present or former employee of the New York State Department of Correctional Services.  At all times relevant hereto he held the position of Sergeant at Great Meadow Correctional Facility and acted within the scope of his employment.

16. Defendant Mark Neiertz is a present or former employee of the New York State Department of Correctional Services.  At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

17. Defendant Michael Molisani is a present or former employee of the New York State Department of Correctional Services.  At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

18. Defendant Steven Greene is a present or former employee of the New York State Department of Correctional Services.  At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

19. Defendant David Kingsley is a present or former employee of the New York State Department of Correctional Services.  At all times relevant

hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

20. Defendant Sheldon Stoddard is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Correction Officer at Great Meadow Correctional Facility and acted within the scope of his employment.

21. Defendant Lawrence Feola is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Sergeant at Great Meadow Correctional Facility and acted within the scope of his employment.

22. Defendant Vaughan is a present or former employee of the New York State Department of Correctional Services. At all times relevant hereto he held the position of Sergeant at Great Meadow Correctional Facility and acted within the scope of his employment.

23. Defendant Richard Roe is a representative of an unknown number of employees of the New York State Department of Correctional Services at Great Meadow Correctional Facility. All participated in the acts alleged herein and acted within the scope of their employment.

## **STATEMENT OF FACTS**

24.  Plaintiff Cleo Wright was born in 1979 in New York City. His mother was unable to care for him. At a very early age, Mr. Wright was turned over to the jurisdiction of the New York City Bureau of Child Welfare (now Administration for Children's Services) and raised in group homes and a variety of foster homes.

25.  Plaintiff Wright attended school while being moved from home to home but eventually became entangled in the criminal justice system. In 2000, he was convicted of two felonies arising out of alleged robberies. He received a fourteen year sentence and was committed to the custody of the Department of Correctional Services. He is eligible for conditional release in 2012.

26.  In February 2006 plaintiff Wright was assigned to Great Meadow Correctional Facility in Comstock, New York. His job assignment was to provide food for inmates who were on "keep lock", i.e. required to be in their cells all day or otherwise confined to their cells. His position was termed "feed-up worker".

27.  His responsibilities included picking up food wagons for lunch and dinner, preparing milk and coffee for distribution and returning trays and wagons for cleaning.

28. On some occasions, Plaintiff Wright volunteered to work in the yard when such work did not interfere with assigned duties. He consistently received positive evaluations for his work.

29. Defendant Correction Officer Little was occasionally assigned to Plainitff Wright's area. When assigned, Little repeatedly harassed the plaintiff. For example, on more than one occasion, defendant Little falsely told plaintiff right that he was on a "draft" (being transferred) or being moved to another cell and ordered him to back his belongings. Plaintiff would do so only to be told later that he was not being transferred or moved. Little did these things for harassment purposes and for the amusement of himself and other officers.

30. On or about the morning of February 27, 2006, defendant Little summoned plaintiff Wright to the officers' desk. Like the previous occasions, he told plaintiff Wright that he was going to the "box" (Special Housing Unit) and to pack his belongings. An inmate who was present handed plaintiff Wright several property bags.

31. Plaintiff Wright took the bags but did not pack his belongings. Instead he performed his usual routine, including performing volunteer work in the yard shoveling snow.

32. At approximately 2:30 P.M., plaintiff Wright returned to his block to set up for dinner meal. He began pouring juice into cups and placing it on work stations.

33. Because inmates who regularly assist were not yet present, plaintiff Wright approached the officers' desk. He asked defendant Little if he could begin work since the juice and bread had arrived. Defendant Little motioned that he should begin.

34. Plaintiff Wright resumed filling juice cups. After he had filled over 20, defendant Little approached him. While standing 2-3 feet from defendant Wright, defendant Little stated, in effect, "Did I not tell you to pack your bags. You are going to the box."

35. Defendant Little then swept his arm over the work station causing filled juice cups to strike plaintiff Wright, covering him with juice. Defendant Little threatened plaintiff Wright and walked away.

36. During this time, defendants Paul. Green and John. Rosati were at the officers' desk watching the whole encounter.

37. Plaintiff Wright did his best to clean himself and mop spilled juice from the floor. While doing so, defendant Officer Mark Neiertz approached him. Plaintiff told the officer what had happened and asked that he intervene with defendant Little.

9

38. Defendant Neiertz walked to the desk and then returned to plaintiff Wright. He told plaintiff Wright "You two [meaning plaintiff and Little] need to talk".

39. Plaintiff Wright approached the officers' desk. Defendant Little was there along with defendant Paul Green, and defendant Stoddard.

40. Addressing defendant Little, plaintiff Wright stated "May I speak with you?". Little motioned toward the area off of hallway area off of B-8 block steps a few feet away where plaintiff Wright moved.

41. Plaintiff's hands were in his pockets as he asked defendant Little why he had thrown the juice on him. Defendant Little responded by shoving plaintiff, causing him to fall onto the ground and into the B-block gate area.

42. Plaintiff Wright got up, put his hand behind his back and attempted to walk around defendant Little  As he did so, defendant Little, without provocation, punched plaintiff Wright in the face causing his nose to bleed.

43. Defendant Little thereupon placed both hands on plaintiff Wright's neck and began choking him.

44. During this entire time defendants Paul Green, Mark Neiertz, Sheldon Stoddard and defendants Roe were at the officers desk in full view

of what was transpiring.  They did not intervene to prevent defendant Little's assault of the plaintiff.

45.  Plaintiff Wright could not breathe and felt himself losing consciousness.  He struggled and as he did was able to free himself from Little's grip.

46.  The officers who were at the desk, including defendants Paul Green and defendant Roe ran toward plaintiff Wright.  At about the same time defendants John Rosati and Mark Ross entered the corridor area. Plaintiff Wright was thrown to the ground and at some point handcuffed behind his back. While plaintiff was being held to the ground, one of the defendants punched plaintiff Wright, now bleeding, several times in the face and head.

47.  Numerous other officers, including defendants Kingsley, Steven Greene, Mark Molisani and Sheldon Stoddard were now in the corridor area. They punched and kicked the plaintiff about the head, face and body.

48.  Defendant Molisani lifted his boot and stomped on plaintiff's back at least four times.  He then punched the plaintiff in the face while others pinned him to the ground.

49.  Other defendants kicked plaintiff in the face and on the head several times.

50. During the assault, Corrections Sergeants, including defendant Feola and Vaughan came to the area. They participated in and/or observed the assault being committed on plaintiff Wright and did nothing to intervene to stop it.

51. With the exception of the initial, defensive struggle with defendant Little, at no time did plaintiff Wright resist and/or strike any correction officer

52. Plaintiff Wright was dazed and for a time lost consciousness. His first memory is waking up in the Great Meadow Facility hospital.

53. Thereafter, defendants Little, Paul Green, Steven Greene, Rosati, Ross, Stoddard, Molisani, Kingsley, Neiertz, Feola, Vaughan, John Michaels, and defendants Roe conspired with each other to cover-up the brutal assault. They knowingly filed and caused to be filed false institution reports and false disciplinary charges charging the plaintiff with assault.

54. In addition, the foregoing defendants individually and conspiring with each other, caused criminal charges to be lodged against plaintiff Wright in Washington County Court. He was charged, *inter alia* with attempted murder.

55. In the meantime, plaintiff Wright was moved to the Special Housing Unit. He was in extreme pain. One eye had swollen shut and his

nose was fractured. In addition, he experienced pain in his head, back and rib cage. His vision was blurry. Contusions covered his body. He even had a boot mark on his back.

56. Plaintiff was thereafter transferred to S-block at Greene Correctional Facility.

57. Upon information and belief, defendants Little, P. Green, S. Greene, Rosati, Ross, Molisani, Stoddard, Kingsley, Neiertz, Feola, Vaughan, Michaels and defendants Roe were interviewed by DOCS investigators about the incident and lied about what happened in an effort to cover-up their role in the assault on the plaintiff.

58. On or about March 8, 2006, plaintiff was interviewed by a DOCS investigator. On or about March 9, 2006, all criminal charges against plaintiff were dismissed in Washington County.

59. Plaintiff Wright still faced disciplinary charges. In or about May, 2006, he was convicted of assault on staff. Upon information and belief, defendants Little, P. Green, Neiertz, Little and Vaughan knowingly gave false testimony at the hearing to cover-up their assault of the plaintiff.

60. Thereafter, DOCS Central Officer reversed the findings at the disciplinary hearing and ordered that plaintiff's records be expunged.

61. Plaintiff was ultimately transferred to Elmira Correctional Facility. He received medical treatment at Elmira for injuries he received at Great Meadow.

62. Plaintiff continues to suffer pain throughout his body and impaired vision as a result of the actions of the defendants.

63. Additionally, plaintiff suffers from severe emotional distress due to the unprovoked attack on his person by the defendants.

## CLAIMS

### FOR A FIRST CAUSE OF ACTION

64. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 63 *supra*.

65. The actions of the defendants, and each of them, in assaulting the plaintiff without provocation violated plaintiff's right to be free from cruel and unusual punishment as guaranteed by the 8th and 14th Amendments to the United States Constitution and 42 U.S.C. §1983.

### FOR A SECOND CAUSE OF ACTION

66. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 63 *supra*.

67. The actions of the defendants, and each of them, in assaulting the plaintiff without provocation violated plaintiff's right to due process of law in violation of the 14th Amendment to the United States Constitution and 42 U.S.C. §1983.

### FOR A THIRD CAUSE OF ACTION

68. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 63 *supra*.

69. The actions of the defendants, and each of them, in lodging false criminal charges against the plaintiff violated plaintiff's right to be free from malicious prosecution as guaranteed by the 4th and 14th Amendments to the United States Constitution and 42 U.S.C. §1983.

### FOR A FOURTH CAUSE OF ACTION

70. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 63 *supra*.

71. The actions of the defendants, and each of them, in conspiring to 1) cover-up their actions, 2) lodge false disciplinary charges against the plaintiff and 3) lodge false criminal charges against the plaintiff violated plaintiff's rights under the 4th, 5th, 8th and 14th Amendments to the United States Constitution and 42 U.S.C. §1983.

## FOR A FIFTH CAUSE OF ACTION

72.  Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 63 *supra*.

73.  The actions of the defendants and each of them in lodging false disciplinary charges and testifying falsely at his disciplinary hearing violated plaintiff's right to due process of law as guaranteed by the 14th Amendment to the United States Constitution and 42 U.S.C. §1983.

## FOR A SIXTH CAUSE OF ACTION

74.  Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 63 *supra*.

75.  The actions of the defendants, and each of them in failing to intervene to stop the unprovoked assault of the plaintiff violated plaintiff's right to be free from cruel and unusual treatment in violation of the 8th and 14th Amendments to the United States Constitution and 42 U.S.C. §1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

i. Compensatory damages in the amount of One Million Dollars;

ii.  Punitive Damages in the amount of One Million Dollars;

iii.  Enjoining the defendants from retaliating against the plaintiff for instituting this action;

    iv.  Awarding Costs and a reasonable attorney's fee;

    v.  Awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
      December 16, 2009                   Yours, etc.
                                                /S/

                                                ROBERT J. BOYLE
                                                299 Broadway
                                                Suite 806
                                                New York, N.Y. 10007
                                                (212) 431-0229
                                                Attorney for Plaintiff
                                                Bar Roll: 508323