UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CLEO WRIGHT, | STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A) |
| *Plaintiff,* | |
| -against- | |
| CHARLES LITTLE, Et Al. | 09-CV-0171 |
| *Defendants* | (GSL/TWD) |

---

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the Plaintiff Cleo Wright, represented by counsel, Robert Boyle, Esq., and counsel for Defendants, the parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

1. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this action with prejudice and without damages, costs, interest or attorneys fees, as against Defendants Paul Green, John Rosati, John Michaels, Mark Neiertz, Steven Green, David Kingsley, Sheldon Stoddard, Lawrence Feola, David Vaughan, Michael Molisani, and Charles Little hereinafter and collectively referred to as the "non-settling defendants" and meant to represent all

defendants named in this action at any time with the exception of Defendant Mark Ross, who is hereinafter referred to as "the settling defendant."

2. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this action with prejudice and without damages, costs, interest or attorneys fees, under the conditions described in Paragraph 5 of this agreement, as against defendant Mark Ross, as "the settling defendant," and discharges and releases Defendant Ross, and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the settling defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents or any claim whatsoever concerning plaintiff's incarceration within the NYS Department of Corrections and Community Supervision.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

5.  Following the execution of this Stipulation, and its being ordered by the Court, the settling defendant shall pay to plaintiff the sum of twenty two thousand and five hundred ($22,500.00) dollars in full settlement of any and all claims, which amount includes all sums to which plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. The payment of said settlement will be made in two checks, as follows. One check in the amount of Thirteen Thousand Two Hundred and Twenty Two dollars ( $13,222.00) will be will be made payable to "Robert J. Boyle, Attorney At Law" and mailed to "Robert J. Boyle, Esq. 351 Broadway, 3rd Floor, New York, NY 10013". The second check in the amount of Nine Thousand Two Hundred and Seventy Eight dollars ($9,278.00) will be made payable to "Cleo Wright" and mailed to "Cleo Wright, c/o Robert J. Boyle, Esq. 351 Broadway, 3rd Floor, New York, NY 10013".

6.  Payment by the settling defendant of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

7.  Payment of the amount in paragraph 5 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court and receipt by settling defendant's counsel of a copy of this so-ordered stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8.  This stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and these actions shall then be placed back on the active docket without prejudice.

9. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the 120 day or 150 day period set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the or 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff.

10. The foregoing constitutes the entire agreement of the parties.

Dated: __Albany__, New York
       __12-10__, 2012

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants Paul Green, John Rosati,
    John Michaels, Mark Neiertz, Steven Green,
    David Kingsley, Sheldon Stoddard, Lawrence
    Feola, David Vaughan and Mark Ross
The Capitol, Albany, New York 12224-0341

By: _____
C. Harris Dague
Assistant Attorney General, of Counsel
Bar Roll No. 513292
Telephone: (518) 474-8158

Dated: __Romulus__, New York
       __10-31-12__, 2012

_____
Cleo Wright, 00-A-3789

Dated: __New York__, New York
       __11-5-12__, 2011

_____
Robert Boyle, Esq.
Law Office of Robert Boyle
Attorney for Plaintiff
~~299 Broadway~~ 351 Broadway
~~Suite 806~~ 3rd Floor RB
New York, NY ~~10067~~ 10013
Bar Roll No. __508323__

Dated: __Albany__, New York
       __Nov 27__, 2012

_____
Ryan Donovan, Esq.
Harris Conway and Donovan, PLLC
Attorney for Michael Molisani
The Patroon Building
5 Clinton Square
Albany, NY 12207
Bar Roll No. __105803__

5

Dated: Granville, New York
November 30, 2012

*[signature]*

John Winn, Esq.
Law Office of John Winn
Attorney for Charles Little
13 North Street
Granville, NY 12832
Bar Roll No. 103383

Dated: Albany, New York
December 11, 2012

SO ORDERED:

*[signature: Gary L. Sharpe]*

~~HON. THERESE WILEY DANCKS~~ Gary L. Sharpe
~~UNITED STATES MAGISTRATE JUDGE~~ District

6